UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
RONALD WASHINGTON,

                Petitioner,

     -against-

WARDEN MDC BROOKLYN,

                Respondent.

-------------------------------------------------------- x

**OPINION & ORDER**

**19-cv-4141 (NG)**

**GERSHON, United States District Judge:**

On July 8, 2019, petitioner, proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 raising a sentencing issue against the warden of the Metropolitan Detention Center, Brooklyn. For the reasons set forth below, the petition is converted to a 28 U.S.C. § 2255 petition. Because I dismissed petitioner's previous § 2255 petition on the merits, this court has no jurisdiction to consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

Petitioner was convicted of robbery on January 23, 2004 in New York State court and sentenced to seven years in state custody. Petitioner was later convicted in this court of one count of Hobbs Act conspiracy and six counts of individual robberies perpetrated over the course of the conspiracy. The Hobbs Act conspiracy conviction arose from some of the same conduct at issue in petitioner's state court robbery conviction. On April 23, 2008, I sentenced petitioner to 210 months of imprisonment, to run concurrently to the undischarged term of state imprisonment. (Dkt. No. 90). Petitioner filed a direct appeal on May 5, 2008, and the Second Circuit affirmed his judgment of conviction on October 23, 2008. *United States v. Washington*, 347 F. App'x 704 (2d Cir. 2009). On June 6, 2016, petitioner, initially proceeding *pro se*, filed a

petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Counsel from the Federal Defenders of New York later appeared on behalf of petitioner and filed supplemental briefing on his behalf. On September 13, 2017, I denied the petition on the merits. *Washington v. United States*, 2017 WL 9989876, at *1 (E.D.N.Y. Sept. 14, 2017). While that § 2255 petition was pending, petitioner filed a letter on June 21, 2016, seeking relief from prison officials' alleged misapplication of the sentence I ordered he serve, arguing that the prison officials were calculating his sentences to run consecutively, rather than concurrently. On December 23, 2016, I denied petitioner's letter application without prejudice for failing to exhaust his administrative remedies under the Administrative Remedy Program, 28 C.F.R. § 542.10–542.16. *Washington v. United States*, 2016 WL 11448326, at *1 (E.D.N.Y. Dec. 23, 2016).

In his current petition, petitioner now seeks a reduction in his federal sentence to credit him for time spent imprisoned on the state court conviction. I have carefully reviewed the petitioner's submissions, particularly those filed on December 23, 2019 and January 6, 2020. (Dkt. Nos. 8–9). While his initial submission appeared to again challenge how prison officials were calculating his sentence, it is now clear that petitioner's challenge is not to the execution of his sentence by prison officials, but rather to this court's imposition of his sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Under these circumstances, petitioner is, in effect, bringing a § 2255 petition and I will therefore convert his § 2241 petition to a § 2255 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, precludes the filing of "second or successive" federal habeas corpus petitions. "A [§ 2255] petition is second or successive if a prior petition 'raising claims regarding the same conviction or sentence [ ] has been decided on the merits.'" *Quezada v.*

*Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (quoting *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)) (alteration in original). In brief, if a petition is second or successive, then this court lacks the jurisdiction to adjudicate it on the merits and it must be transferred to the Second Circuit pursuant to 28 U.S.C. § 1631. *See United States v. Larkins*, 670 F. App'x 1 (2d Cir. 2016), *as amended* (Nov. 8, 2016) (summary order); *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Petitioner's previous § 2255 petition challenging the same sentence was decided on the merits. Therefore, the present petition is second or successive.

Because this court lacks jurisdiction to adjudicate the present petition, I transfer the matter to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2244(b)(3). The Clerk of Court is directed to transfer petitioner's submissions to the Second Circuit. If the Circuit authorizes petitioner to proceed in this matter, he shall move to reopen this proceeding under this docket number.

**SO ORDERED.**

*S/Nina Gershon*

**NINA GERSHON**
**United States District Judge**

January 28, 2020
Brooklyn, New York

3